Judge G-eeen,
delivered his opinion, in which the other Judges concurred.*
The appellee Miller, holding as trustee for the other appellee, claimed title to part of a lot in the city of Rich~ mond, extending on E street, from the corner of a Mr. Davidson's house to that of a Mrs. Gray's house; a distance of 39 feet 10 inches; and bounded by the walls of those houses. Miller sold this property, at public sale, to the appellants, as and for 39 feet 10 inches, at the price of $200 per foot. He conveyed to the appellants with general warranty, and they paid two-thirds of the purchase money, in two instalments; but obtained an injunction to the proceeding to recover the payment of the third instalment, upon the ground, that 2 feet 2 inches in front, of the ground conveyed to them and in their possession, belonged to Davidson, on the following case: Davidson had title to 24 feet on E street, commencing at the intersection of E and 2lst streets; and Miller had title to 39 feet 10 inches on E street, running from Davidson’s corner to Mrs. Gray’s corner. It is alledged, that Davidson's house, which is 24 feet on E street, encroaches on 21st street 2 feet 2 inches; and if he should be compelled to surrender these 2 feet 2 inches, as a part of the street, he will, in that case, be entitled to the same quantity out of the land sold by Miller to Ralston and another. It is not pretended, that any one, authorised to act on the subject, even threatens to disturb Davidson’s possession as it now is; and he himself does not now even claim any part of the land sold to the appellants, hut declares, that if he shall be compelled to surrender the 2 feet 2 inches, he will seek *49 to indemnify himself to that- extent, out of Ralston’s lot; but thinks, himself, that his house is truly located, at the intersection of the streets. This Court has, in favor of purchasers, gone far beyond any thing which has been sanctioned by the Courts of Chancery in England or elsewhere, in injoining the payment of the purchase money, after the purchaser has taken possession under a conveyance, especially with general warranty. Yet, it has never gone so far as to interfere, unless the title was questioned by a suit, either prosecuted or threatened, or unless the purchaser could shew, clearly, that the title was defective. How do the appellants attempt to shew this latter fact, in relation to this property? Mr. Young, the surveyor for the city, taking the intersection of some other streets as true, without any evidence that they are more correclthan the one on which Davidson’s house stands, and measuring horizontally, finds that Davidson’s house encroached on 21st street. If he had taken the corner of Davidson’s house, as at the true intersection of E and 21st streets, he would have found.the same error in the other streets from which he began. There is no evidence whatever, that the intersection of the streets, assumed by Young to be right, was so; bat, as to that of E and 21st streets, it is probable, from the evidence of Myers, that it is, where Davidson claims it to be, at the corner of his house. If the original survey of the town was erroneous, either because it was made without regard to horizontal distances, or from any other cause or accident, and the property has been sold and held according to such survey; it is too late now to correct such errors. Ancient reputation and possession, in respect to the boundaries of the streets, arc entitled to infinitely more respect, in deciding upon the boundaries of the lots, than any experimental survey that can now be made. If not, the whole city, and all other towns, would be thrown into the utmost confusion. The only error in the decree is, that it did not dissolve the injunction wholly, and it should now be corrected in that particular. Injunction dissolved.

 Judges Carr and Cabell, absent